# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN KENT,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-CV-2710 |
| PHILA DEPARTMENT OF HUMAN SERVICES,<br>    Defendant. | :<br>:<br>: |

FILED
JUN 27 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

SÁNCHEZ, C.J.                                                                             JUNE 27, 2019

*Pro se* Plaintiff Marilyn Kent, a frequent litigator in this Court, has again filed suit against the Philadelphia Department of Human Services. She also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Kent will be granted leave to proceed *in forma pauperis*, her Complaint will be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because her claims are time barred and repetitive, and she will be directed to show cause why she should not be enjoined from filing additional cases concerning the time barred and repetitive allegations contained in this lawsuit.

## I.    FACTS

As she has in several prior lawsuits, Kent again brings suit alleging that in 1986 her home was invaded and she and/or her eleven year old daughter was raped by a "D.H.S. Reg. Child Abuser." She makes additional allegations that in 1986 she was raped be the same perpetrator, became pregnant, and her daughter was stalked and assaulted with a tire iron by the perpetrator. She alleges that the perpetrator, who was granted child visitation rights by D.H.S., kidnapped the child, who went missing for 30 years. She demands monetary damages.

## II. STANDARD OF REVIEW

The Court will grant Kent leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "'[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.'" *Randolph v. Wetzel*, Civ. A. No. 19-2231, 2019 WL 2577635, at *5 (E.D. Pa. June 21, 2019) (quoting *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As Kent is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute of limitations for claims brought under § 1983 "is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose* 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Whether the statute of limitations has run turns on two issues: (1) the length of the period to commence legal action, and (2) the date on which the claim began to accrue. *Id.* In Pennsylvania, the length of the statute of limitations for a § 1983 claim is two years. *Id.*; 42 Pa. Cons. Stat. § 5524.

2

Pennsylvania, however, employs the "discovery rule" that delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that she is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Because application of the statute of limitations is apparent on the face of Kent's Complaint, it must be dismissed as legally baseless. All activities underlying Kent's claims occurred 34 to 35 years ago. Her allegations make clear that she knew of the existence of her injury and what caused it — D.H.S. allegedly failing to protect her and the child — at the time her injury occurred.

Even if the claim was not time barred, the Complaint would still be subject to dismissal because it is malicious as Kent seeks to raise the identical issue already raised and dismissed in prior lawsuits against the same defendant. *See Kent v. Philadelphia D.H.S.*, Civ. A. No. 19-1598; *Kent v. Philadelphia D.H.S.*, Civ. A. No. 11-2558. Civil Action 11-2558 was dismissed by Judge Stengel on January 19, 2012 after the amended complaint had been served on the Defendant. Judge Stengel's order was later affirmed on appeal, *see Kent v. Philadelphia D.H.S.*, No. 12-1311 (3d Cir. Nov. 30, 2012), and Kent's post-appeal filings in this Court were denied because the judgment was final. Civil Action 19-1598 was dismissed as time barred, as duplicative of Kent's prior case, and because she sought to bring a claim on behalf of her child. *See Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (holding that non-lawyer proceeding *pro se* may not represent his children). Thus, to the extent that Kent's Complaint here may be read to raise claims belonging to her child, it again fails for this additional reason.

3

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Kent leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is legally frivolous and malicious. The Court having now dismissed identical allegations on at least three occasions, in the Order that follows Kent will be directed to show cause why she should not be enjoined from filing any further civil actions without the payment of fees alleging claims based upon the same allegations raised in this case.

BY THE COURT:

JUAN R. SÁNCHEZ, C.J.

4